■ MAX MITZNER, Appellant, v JAMES J. JARCHO et al., Constituting the Joint Plumbing Industry Board, et al., Respondents.—In an action, *inter alia,* for a judgment declaring, *inter alia,* that plaintiff is entitled to receive

pension benefits, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 28, 1974, which dismissed the complaint after a nonjury trial. By order dated December 29, 1975 this court remanded the action to Special Term for a hearing to afford respondents an opportunity to justify the application to plaintiff of the 1966 amendment to the trust agreement and to clarify certain other matters, and directed that the appeal be held in abeyance in the interim (Mitzner v Jarcho, 50 AD2d 900). Special Term has complied and rendered a report in accordance therewith. Judgment reversed, on the law and the facts, without costs or disbursements; it is declared that plaintiff is entitled to monthly pension benefits as provided for under the rules and regulations of the Plumbing Industry Board Pension Fund for normal retirement at age 65, and to such other benefits as may be provided for therein; and action remitted to Special Term for the entry of an appropriate judgment which shall include the amount of the pension benefits and other benefits now owed to plaintiff and to which he is entitled. With the exception of the year 1961, during which year he was self-employed, plaintiff was employed in the plumbing trade from 1922 until his retirement in 1968. Until the passage of the 1966 amendment to the rules and regulations of the pension fund, he would have been eligible for a pension at age 65 upon proof that he had been employed by contributing employers for a minimum of 1,250 days. An amendment effective April 1, 1966 provided, for the first time, for early retirement after the age of 60 and before the age of 65, in addition to normal retirement at age 65, but added the requirement that the applicant for a pension must have participated in the pension plan for a period of "at least fifteen years consecutively next preceding the date of his application for retirement for a pension during which period contributions by contracting employers have been made to and received" by the pension fund for the applicant. On November 17, 1966, at age 62, plaintiff filed a written application for early retirement which was denied. Subsequent resubmissions of the same application were also rejected. The plaintiff retired in 1968. The application was denied again on October 15, 1969, after plaintiff reached the age of 65, on the grounds that he had been engaged in business for himself in 1961 and that "some of the employers for whom he worked had not made contributions." We hold that the written application made by plaintiff for early retirement continued and became an application for regular retirement when it was considered and rejected after he reached the age of 65, and that a requirement, if any, that plaintiff submit a new written application for regular retirement at age 65 was waived by respondents. For the reasons expressed in the decision of Mr. Justice Greenspun at Special Term after the hearing held upon the remand by this court, we agree that the trustees have failed to establish that the 1966 amendment was reasonable with respect to this plaintiff and that plaintiff has established employment with signatory employers in excess of the required 1,250 days. Plaintiff therefore became eligible for regular retirement when he reached the age of 65. Latham, J. P., Cohalan, Margett and Rabin, JJ., concur.